UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                         Case No. 8-10-75234-reg

LINDA J. MORTENSEN

                         Chapter 7

                  Debtor.
-----------------------------------------------------------------x

## MEMORANDUM DECISION

Before the Court is a motion ("Motion") brought by the debtor, Linda J. Mortensen (the "Debtor"), to reopen her Chapter 7 bankruptcy case for the purpose of filing a lease assumption agreement (the "Assumption Agreement") with Ford Motor Credit Corporation ("Ford"). The unopposed Motion is brought pursuant to 11 U.S.C. §§ 350(b) and 365(p). For the reasons detailed herein, the Debtor's Motion is granted.

In a recent decision of this Court *In re Clark*, No. 8-10-73746-reg, 2010 WL 5348721, at *1 (Bankr. E.D.N.Y. Dec. 21, 2010) the Court held that when a debtor seeks to enter into a reaffirmation agreement the 2005 Amendments to the Bankruptcy Code require strict compliance with section 524(c). *Id*. at *3-4. Therefore, because the agreement was not "made" before the discharge was granted as required by statute the Court could not reopen the case to permit the parties to enter into what would be an unenforceable agreement. *Id.* Reaffirmation of a debt secured by property owned by the debtor under section 524(c) of the Bankruptcy Code is not equivalent to assumption of a lease for personal property owned by a creditor under section 365(p), and each undertaking imposes different steps and confers different rights upon the parties to the respective agreements. The Court finds that cause exists to reopen the Debtor's case to permit the Debtor to enter into the Assumption Agreement because all of the requirements of

1

section 365(p) have been met. Unlike *In re Clark*, the entry of the Debtor's discharge is not an impediment to the Debtor's assumption of the lease pursuant to section 365(p) of the Bankruptcy Code. Upon assumption of the lease, the Debtor is bound by the terms of the Assumption Agreement *cum onere* and the Debtor's obligations thereunder are not subject to the discharge or the post-discharge injunction granted under section 524 of the Bankruptcy Code.

*Background*

The Debtor filed a Chapter 7 petition for relief on July 6, 2010. The Debtor's Statement of Intention, filed with the petition, indicates the Debtor's intention to both reaffirm the debt to Ford with respect to the 2009 Ford Escape (the "Vehicle"), and to assume the Vehicle lease ("Lease") pursuant to § 365(p).[1] The Chapter 7 Trustee did not make a motion to assume the Lease and filed a no asset report on August 8, 2010. The Debtor received a discharge pursuant to 11 U.S.C. § 727 on October 13, 2010 and the Debtor's case was closed on December 1, 2010.

On December 22, 2010, the Debtor filed the Motion. Attached to the Motion is the Assumption Agreement. The Assumption Agreement provides that the Debtor agrees "to obtain an order of the Bankruptcy Court assuming the Lease as [her] personal obligation and [agrees] that any protections afforded under 11 U.S.C. § 524(a) do not apply to this Lease." According to the Debtor's application, the Debtor has remained current with the Lease payments throughout the bankruptcy. After the close of the Debtor's case, Ford informed the Debtor that it would no longer accept Lease payments and would seek recovery of the Vehicle if the Debtor did not execute and file with the Court a lease assumption agreement. The Debtor argues that creditors

---

[1] The Debtor never took any steps to reaffirm the debt with Ford, and only pursued assumption of the Lease.

will not be prejudiced by the filing of the Assumption Agreement because the Trustee filed a no asset report in this case, demonstrating that the Trustee has no interest in the Lease.  The Debtor argues that under the facts of this case, she has demonstrated sufficient "cause" to reopen the case.

*Discussion*

*Standard to Reopen*

Bankruptcy Rule 5010 provides that a debtor or other party in interest may make a motion to reopen a case.  Pursuant to section 350(b) of the Bankruptcy Code, a case may be reopened "to administer assets,  to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  "Cause" is not defined in the Code, *see In re Stein*, 394 B.R. 13, 15 (Bankr. E.D.N.Y. 2008), and the Court exercises its discretion in deciding whether to reopen a debtor's Chapter 7 case.  *See In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996) (finding that the decision to reopen invokes the bankruptcy court's equitable powers, "which is dependent on the facts and circumstances of each case") (other citations omitted).  In its decision to reopen a case, the Court "ought to emphasize substance over technical considerations" and consider the benefit to the debtor, prejudice to affected entities, and benefit to the debtor's creditors.  *In re Stein*, 394 B.R. at 16 (*citing Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997); *In re Mayette*, 231 B.R. 494, 497 (E.D.N.Y. 1999); *In re Koch*, 229 B.R. 78, 85-86 (Bankr. E.D.N.Y. 1999)) (other citations omitted).  Finally, the moving party bears the burden of proof to show "cause" to reopen.  *In re Suber*, No. 06-20369 (NLW), 2007 WL 2325229, at *1 (Bankr. D.N.J. Aug. 13, 2007).  In order to determine whether the Debtor has met her statutory burden under Section 350(b), the Court must analyze whether reopening the case will accord relief to the

Debtor or whether other cause exists to reopen the case.

*Chapter 7 Debtor's Right to Retain Property*

The Code contemplates that the debtor may need to retain collateral that secures a debt to a creditor under a variety of circumstances. Section 521(a)(2) of the Code requires the debtor to state its intention to retain or surrender secured property of the estate. 11 U.S.C. § 521(a)(2)(A). This is accomplished by specifying the debtor's intention, on the Chapter 7 Debtor's Statement of Intent, titled Official Form 8, with respect to that property and then performing that intention within the specified time frames. *Id*. (The debtor may claim the property as exempt, "redeem such property," or "reaffirm debts secured by such property."); *see also* 11 U.S.C. § 521(a)(6), 11 U.S.C. § 521(d); 11 U.S.C. § 362(h).

Prior to enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), the Bankruptcy Code did not contain a provision for a Chapter 7 debtor to "assume" a lease - that power was vested only in the Chapter 7 trustee. 11 U.S.C. § 365(a). Pursuant to BAPCPA, the Bankruptcy Code was amended to include to § 365(p), which provides as follows:

> (2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
>
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
>
> © The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

11 U.S.C. § 365(p).

The Bankruptcy Code was further amended to include references to the debtor's right to assume an unexpired lease of personal property, and the consequences to be suffered if the debtor does not assume such lease. Section 362(h) was added by BAPCPA and provides that the stay will be terminated and the collateral or the debtor's leasehold interest in personal property will no longer be property of the debtor's estate if the debtor fails to file and to perform a statement of intention to surrender, to redeem, to reaffirm or, in the case of leased property, to assume the unexpired lease. 11 U.S.C. § 362(h). Section 521(d) of the Bankruptcy Code was also added by BAPCPA, and provides that if a debtor fails to timely take the actions required by §§ 521(a)(6) (regarding a debt secured by an allowed claim for the purchase price of the personalty) or 362(h)(1) or (2) (regarding *inter alia*, the debtor's requirement to file and perform a statement of intention pursuant to section 365(p) with respect to an unexpired lease of personal property) any limitations on ipso facto clauses under the Bankruptcy Code are not in effect. *In re Donald,* 343 B.R. 524, 538 (Bankr. E.D.N.C. 2006).

Based on the inclusion of the references to the debtor's right to assume such leases throughout the Code, Congress envisioned a specific avenue for a debtor to follow with respect to unexpired leases for personal property. This right is separate and apart from the right to claim property of the estate as exempt, to redeem the property, or to reaffirm an obligation secured by property of the debtor. *See In re Thompson*, 440 B.R. 130, 132 (Bankr. W.D. Mich. 2010) (stating that inclusion in section 362(h) of lease assumptions under 365(p) and reaffirmation agreements under 524(c) "suggests that assumption and reaffirmation are independent procedures"). This conclusion is further supported by the Advisory Committee Notes to Official

Form 8, the Chapter 7 Debtor's Statement of Intent, in 2005 and 2008:

> The form is amended to conform to § 521(a)(6) which was added to the Code by [the 2005 amendments], by adding a section covering personal property subject to an unexpired lease and an option labeled, "lease will be assumed pursuant to 11 U.S.C.A. § 362(h)(1)(A)" to the choices a debtor may make.

Official Form No. 8, advisory committee's note (2005)

> The form is amended to conform to § 362(h), . . . by expanding the questions directed to the debtor regarding *leased personal property* and property subject to security interests. . . . The amended form is intended to elicit more complete information about the debtor's intentions with regard to property subject to security interests and *personal property leases* than has been obtained under the current version of the form.

Official Form No. 8, advisory committee's note (2008) (emphasis added).

*Procedure for Assumption of a Lease Pursuant to Section 365*

An unexpired lease may be assumed or rejected by the Chapter 7 trustee. 11 U.S.C. § 365(a). However, if the Chapter 7 trustee does not assume or reject the unexpired lease "within 60 days after the order for relief," then the lease is deemed rejected. 11 U.S.C. § 365(d)(1). The leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated. 11 U.S.C. § 365(p).

The debtor has an opportunity to assume a lease for personal property, provided the three steps set forth in section 365(p) are followed. First, the debtor must notify the lessor in writing that the debtor seeks to assume the lease. Second, the lessor must notify the debtor if it is willing to have the lease assumed and "may condition the assumption on cure of any outstanding default on terms set by the contract." 11 U.S.C. § 365(p)(2)(A). Third, within thirty days from the debtor's initial notification to the lessor, the debtor must notify the lessor in writing that the lease is assumed by the debtor and not the estate.

The question for the Court to resolve is whether cause exists to grant the Motion, which turns on whether the Debtor has met the statutory requirements for assumption of the Lease as a personal obligation. The Court concludes that the Debtor has satisfied the procedures for assumption of the Lease as outlined in the Code. In interpreting this section of the Code, the Court is mindful of the axiom that "when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (citation omitted) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000)). In addition, "'[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Corley v. United States*, --- U.S. ----, ----, 129 S.Ct. 1558, 1566, 173 L.Ed.2d 443 (2009) (other citations omitted).

First, the Debtor has notified the Lessor. The second step is stated in permissive language. The lessor "*may* condition assumption on cure of any outstanding default on terms set by the contract." 11 U.S.C. § 365(p)(2)(A) (emphasis added). "Cure" is not defined expressly in the Code, but it is used throughout the Code, *see In re Taddeo*, 685 F.2d 24, 27 (2d Cir. 1982), and Courts have given meaning to the term. *See In re Thompson*, 440 B.R. at 132 (finding that "cure", "assume", and "assumption" as used in Sections 365(a) and 365(p) have the same meaning, thus the liability assumed under Section 365(p) "effectively becomes a post-petition obligation") (citations omitted). The permissive language of Section 365(p) indicates that the conditions required to "cure", if any, are an agreement between the lessor and the debtor. The Debtor has satisfied this step as well since the Assumption Agreement provides, for example,

7

that the Debtor agrees to make the monthly payments as listed and agrees to be bound by all the terms and conditions of the Lease. Finally, the third requirement is also satisfied. The Debtor's signature on the Assumption Agreement confirms that the Debtor "assume[s] the Lease through this Lease Assumption Agreement." The Debtor's signature plus notice of the Motion constitutes a notification to the lessor "in writing that the lease is assumed."

Except for the thirty-day window during which the Debtor must finalize the notice provisions, the Code contains no deadline for the Debtor to assume a lease of personal property, and does not require that assumption occur prior to entry of the discharge. The only reference to the discharge in this section is contained in subsection 365(p)(2)(C), which states that "[t]he stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under [subsection 2 of 365(p)]." By absolving a lessor of any violation of the injunction during the negotiation of the lease assumption, Congress contemplated that assumption agreements could be entered into post-discharge. Otherwise, as recognized by Judge Dales in *In re Thompson,* the assumption of the lease post-discharge would be a nullity. *In re Thompson*, 440 B.R. at 132. The Court agrees with Judge Dales that Congress would not authorize the debtor and lessors to negotiate lease assumption agreements that would be unenforceable as a matter of law. *Id.* Thus, the Debtor's Motion in the instant case is timely.

Some courts conclude that assumption of the lease under section 365(p) does not serve to personally obligate the debtor absent compliance with the requirements under section 524(c) of the Code. *See In re Eader*, 426 B.R. 164, 166-167 (Bankr. D. M.D. 2010); and *In re Creighton,* 427 B.R. 24, 29-30 (Bankr. D. Mass. 2007). If these decisions were correct, then this Court's

8

holding in *In re Clark* would apply, and the Motion would be denied because the Debtor failed to assume the Lease prior to entry of the discharge. Both *Creighton* and *Eader* fail to recognize that assumption of a lease under Section 365(p) binds the debtor to the lease terms and the discharge has no effect on the debtor's assumed obligation. Under the logic of *Eader,* a lessor would have no ability to enforce a lease agreement assumed by the debtor in the event of a subsequent default. This interpretation would render section 365(p) a nullity and would create an absurd result. Congress could not have intended to give the debtor the right to assume a lease, but not be bound by its terms upon assumption. In addition, the rights of a lessor under section 365(p) are vastly different from the rights of a creditor in section 524(c). A lessor under section 365(p) has the right to dictate the terms of cure, and assumption may take place only upon the consent of the lessor. There is no requirement that the Court "approve" a lease assumption. *In re Walker,* No. 16-11514C-7G, 2007 WL 1297112, at *1 (Bankr. M.D.N.C. April 27, 2007); and *In re Rogers*, 359 B.R. 591, 593 (Bankr. D.S.C. 2007). In contrast, the debtor's attorney is required to affirm that the agreement does not impose an undue hardship and the debtor must be fully advised by his or her counsel of the legal consequences of the reaffirmation. In the event the debtor is pro se, a hearing is required before the Court. 11 U.S.C. § 524(c).

Lessors are treated differently than secured lenders under these Code provisions because they have different rights with respect to the debtor's property. A secured creditor has a lien on the debtor's property, whereas a lessor owns the property, subject to the debtor's leasehold rights. These two parties are in different bargaining positions, and the assumption and reaffirmation provisions contained in the Code reflect these differences. The restrictions placed on reaffirmation have no place in an assumption, where the lessor owns the property in question.

Once a lease is assumed, it is assumed *cum onere* and the Debtor is bound to accept the obligations and the benefits. *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 531-32, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); and *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999) (citation omitted). In exchange for the right to retain the lessor's property for her use, the Debtor cannot assert that the Debtor has been discharged of her obligations under the Lease - the discharge injunction simply does not apply.

The Court therefore concludes that the Assumption Agreement is in compliance with the requirements of section 365(p) and is not in violation of any other section of the Code. Therefore, the Debtor has satisfied her burden under section 350(b) and "cause" exists to reopen the case for the purposes of entering into the Assumption Agreement.[2] However, the Court shall not approve or disapprove the Assumption Agreement.

*Conclusion*

For the forgoing reasons, the Motion is granted. The Court shall enter an order consistent with this Memorandum Decision.

Dated: Central Islip, New York            By**:**
       January 19, 2010                               */s/ Robert E. Grossman*
                                                     Robert E. Grossman
                                                     United States Bankruptcy Judge

---

[2]The Court notes that if this Motion were not brought as a motion to reopen pursuant to Section 350(b), there would be no need for a motion regarding the Assumption Agreement. The Court amends its practice and as of the date of this decision it shall no longer sign any orders related to assumption under 11 U.S.C. § 365(p).